UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **DONALD WALKER** | * | **CIVIL ACTION NO. 06-2192** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **IBERIA PARISH SHERIFF DEPARTMENT, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss on Behalf of the Iberia Parish Sheriff's Department ("IPSD") filed on June 11, 2007. (Document No. 15).

Walker filed this civil rights action in a local state court asserting that an Iberia Parish Department Officer used excessive force on him while effectuating his arrest on October 11, 2005. Accordingly, he has sued the officer and the IPSD, the latter under both § 1983 and Louisiana state law asserting *respondeat superior* liability. The defendants removed the action to this court. In the instant motion, the IPSD contends that it is not a separate juridical entity apart from the Sheriff, and therefore the IPSD lacks capacity to be sued. Accordingly, the IPSD contends that plaintiff has no cause of action against it.

## LAW AND ANALYSIS

For a plaintiff to sue a city department, it must enjoy a separate legal existence from the city. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir.1991). According to Rule 17 of the Federal Rules of Civil Procedure, parties must have the

capacity to sue or be sued. Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code art. 24. *See also Boudreaux v. Bourgeois,* 1999 WL 804080, *3 (E.D.La. 1999) citing *Norwood v. City of Hammond*, 1999 WL 777713 at *2-3 (E.D.La. September 30, 1999).

The parties have cited and the undersigned finds no law, Constitutional, statutory, or otherwise, that confers upon the IPSD the authority to sue or be sued or that entitles it to function independently of the Iberia Parish Sheriff. To the contrary, under Louisiana law, it is the elected Sheriff, not the Parish Sheriff's Office or Sheriff's Department that is the constitutionally designated chief law enforcement officer of the Parish. Louisiana law affords no legal status to the "Parish Sheriff's Department" so that the department can sue or be sued, such status being reserved for the Sheriff. *Valentine v. Bonneville Insurance Co.,* 691 So.2d 665, 668 (La.1997) citing *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Department*, 350 So.2d 236, 238 (La.App. 3rd Cir.1977); *Ferguson v. Stephens,* 623 So.2d 711, 714 (La. App. 4th Cir. 1993) citing *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980), rvd in part on other grounds, 402 So.2d 669 (La. 1981); *Garner v. Avoyelles Parish Sheriff's Department*, 511 So.2d 8, 9 at fn.1 (La. App. 3rd Cir. 1987). Moreover, federal courts have consistently dismissed §1983 claims against non-legal entities such as local sheriff and police departments. *Darby,* 939 F.2d at 313-14 (police department not a separate legal entity capable of being sued);

*Cozzo v. Tangipahoa Parish Counsel,* 279 F.3d 273, 283 (5th Cir. 2002) citing *Porche v. St. Tammany Parish Sheriff's Office,* 67 F.Supp.2d 631, 635 (E.D.La. 1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit"); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D.La. 2001) (the "Parish Sheriff's Department" is not a proper party defendant because "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff."); *Piearson v. Corrections Center Lafayette Parish,* 2006 WL 4012476, * (W.D.La. 2006) (same); *Ruggiero v. Litchfield,* 700 F.Supp. 863, 865 (M.D.La. 1998) (same); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (plaintiff's §1983 claim against sheriff's department must be dismissed because sheriff's department was not a suable entity)[1]; *Jacobs v. Port Neches Police Department*, 915 F.Supp. 842, 844 (E.D.Tex. 1996) (dismissing a § 1983 claim against a sheriff's department); *Rideau v. Jefferson County*, 899 F.Supp. 298, 301 (E.D.Tex. 1995) citing *Alcala v. Dallas County Sheriff*, 988 F.2d 1210 (5th Cir. 1993) (same); *Pierre v. Schlemmer*, 932 F.Supp. 278, 280 (M.D.Fla.1996) (dismissing §1983 claim against a police department); *Maxwell v. Henry*, 815 F.Supp. 213, 215 (S.D.Tex.1993) (same); *Norwood, supra.*(same) ; *Boudreaux, supra*. (same); *Dillon v. Jefferson County Sheriff's Dept.,* 973 F.Supp. 626, 628 (E.D.Tex. 1997) (narcotics task

---

[1] The Court in *Dean* noted that the "question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under *Monell* and §1983, but whether the Department is a legal entity subject to suit." *Dean*, 951 F.2d at 1214.

force not a separate legal entity amenable to suit). *See also Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981) (the county rather than the county jail is the legal entity with capacity to be sued); *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D.La.2000). Thus, the undersigned concludes that the IPSD is not a legal entity separate from the Iberia Parish Sheriff, and as such, the IPSD lacks the capacity to be sued under either federal or state law.

Based on the foregoing reasons, it is recommended that the Motion to Dismiss be **GRANTED** and accordingly, the Iberia Parish Sheriff's Department be **DISMISSED WITH PREJUDICE** from this lawsuit.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by F.R.C.P. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 25th day of June, 2007, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE